UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALONZO MAY,
Institutional ID No. 02524646

        Plaintiff,

v.

MICHAEL BELL, *et al.*,

        Defendants.

No. 5:24-CV-00014-H

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made thorough findings, conclusions, and recommendations (FCR) that this Court dismiss with prejudice all of Plaintiff's claims.[1] Dkt. No. 17. Plaintiff did not specifically object, but he filed a supplemental brief "in response" to certain parts of the Magistrate Judge's FCR. *See* Dkt. No. 19 at 5.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

---

[1] The Magistrate Judge clarified that, to the extent Plaintiff's claims challenge the validity of his civil commitment or his status as a sexually violent predator, his claims should be dismissed with prejudice until he satisfies the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Additionally, in light of Plaintiff's response to the FCR, which the Court construes as his objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections consist of restatements of arguments made in his complaint (as supplemented by his responses to the Magistrate Judge's questionnaire), arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that his claims have merit. The Court finds that the objections do not warrant revisiting, modifying, or rejecting the FCR.

Plaintiff focuses his objections only on his claims against Defendant Wayne Schmoker, the Facility Director at the Texas Civil Commitment Center, for subjecting him to punitive conditions in violation of his substantive due process rights. He questions whether certain restrictions—like limiting the number of packages he can receive—and certain requirements—like requiring him to wear a GPS ankle monitor—are reasonably related to legitimate government interests. But the Magistrate Judge addressed Plaintiff's substantive due process claims in detail. Dkt. No. 17 at 31–52. Moreover, the Court recently examined TCCC's package-restriction and GPS-monitoring policies and found that they are reasonably related to the purposes of civil commitment. *See Williams v. McLane*, 2025 WL 2773806, at *9 (N.D. Tex. Sept. 26, 2025). Plaintiff has not shown that the Magistrate Judge erred in recommending dismissal of these claims.

Thus, the objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. As a result, Plaintiff's complaint and all claims asserted within it are dismissed with prejudice, except that his claims challenging the validity of his civil commitment or his status as a sexually

violent predator are dismissed with prejudice until he demonstrates that he has satisfied the favorable-termination requirement of *Heck*.

All relief not expressly granted is denied, and any pending motions are denied.

The Court will enter judgment accordingly.

So ordered.

Dated October 7, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge